NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-82

COMMONWEALTH

vs.

DAVID JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in Brockton District Court, the defendant was convicted of operating a motor vehicle under the influence of liquor (third offense), G. L. c. 90, § 24 (1) (a) (1).  On appeal, the defendant challenges the sufficiency of the evidence and raises two issues arising from the loss or destruction of the video recording of his booking following his arrest.  The defendant contends that the booking video was exculpatory because it demonstrated he was not intoxicated, so it was error to deny his motions to dismiss and to exclude evidence based on the lost or destroyed evidence.  We affirm.

1.  The motion to dismiss.  "A defendant who seeks relief from the loss or destruction of potentially exculpatory evidence has the initial burden . . . to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the [evidence] would have produced evidence favorable to his cause" (quotations and citation omitted).  Commonwealth v. Kee, 449 Mass. 550, 554 (2007).  "That is, the defendant must establish a reasonable possibility that the lost or destroyed evidence was in fact exculpatory."  Id.

"If a defendant meets this burden, the court proceeds to a balancing test and 'weigh[s] the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the defendant.'"  Kee, 449 Mass. at 554, quoting Commonwealth v. Willie, 400 Mass. 427, 432 (1987).  "[T]he Commonwealth is considered culpable if the evidence has been lost or destroyed through its inadvertence or negligence."  Kee, supra at 554.  "Evidence is considered material in this context if, 'in considering the entire record, it creates a reasonable doubt as to the defendant's guilt that would not otherwise exist.'"  Id., quoting Commonwealth v. Otsuki, 411 Mass. 218, 231 (1991).

2

"In reviewing the denial of a motion based on the Commonwealth's loss of allegedly exculpatory evidence, we do not disturb the judge's decision absent a clear abuse of discretion."  Kee, 449 Mass. at 554.

There is no dispute that the Commonwealth lost or destroyed the booking video through its inadvertence or negligence.  The Commonwealth was "culpable," in the argot of the test.  We move, then, to considering whether the evidence was material -- that is, whether in the context of the "entire record, it create[d] a reasonable doubt as to the defendant's guilt that would not otherwise exist."  Kee, 449 Mass. at 554.

This is where the defendant's effort flounders.  The question before us is whether the missing evidence "create[d] a reasonable doubt as to the defendant's guilt that would not otherwise exist" (emphasis added).  Kee, 449 Mass. at 554.  At the motion hearing, the arresting officer (who also testified at trial) testified in detail about the booking process, including describing how the defendant walked approximately ten feet to be photographed and removed his shoes and jewelry.  On cross-examination, the officer testified that he noticed no "cues of impairment" during this process and agreed that the booking video would have captured what he had described.  To be sure, the video would have been another lens into the booking process.

3

But it would have been consistent with the arresting officer's testimony, and therefore would not "create[] a reasonable doubt as to the defendant's guilt that would not otherwise exist." Id. We discern no abuse of discretion in the motion judge's denial of the motion to dismiss.

2. The motion in limine. We are similarly unpersuaded by the defendant's retread of this argument as an appeal from the denial of his motion in limine. We agree that this issue was preserved for appeal, but find the substance lacking; other than citing Kee again, the defendant musters no cases in support of his assertion that the trial judge's refusal to exclude the arresting officer's testimony as a remedy for the lost or destroyed booking video was an abuse of his discretion. Instead, the defendant reiterates that he was prejudiced because he was denied the opportunity to present exculpatory evidence to the jury. But the trial judge allowed the defendant ample opportunity to argue about the consequences of the lost video: (1) the defendant in his opening encouraged the jury to hold the Commonwealth's "incompetence" for losing the video against it, (2) the defendant cross-examined the arresting officer about the defendant's ability to perform the necessary tasks at booking as well as what the booking video would have shown, and (3) the defendant was permitted to argue in his closing that the absence

4

of the booking video demonstrated his innocence. The defendant was not prejudiced by the trial judge's denial of his motion in limine, see Commonwealth v. Meas, 467 Mass. 434, 449 (2014) (no prejudice from lost video evidence where defendant was allowed to cross-examine testifying police officers to exploit lost evidence), and we discern no abuse of discretion, see Kee, 449 Mass. at 557-558.

3. The motion for a required finding. "In reviewing a denial of a motion for a required finding of not guilty, our inquiry is whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact that the essential elements of the crime have been proven beyond a reasonable doubt." Commonwealth v. Vazquez, 69 Mass. App. Ct. 622, 626 (2007). "In satisfying that test, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence." Id., quoting Commonwealth v. Degro, 432 Mass. 319, 325 (2000).

The jury heard that the defendant drove out of a parking lot, onto a public road, and into the side of the victim's car as she moved forward from a red traffic light. It was midafternoon on a warm December day. Although our record does not contain photographs of the cars after the collision, six such photographs were admitted in evidence and were available to

5

the jury.  The arresting officer described the defendant's eyes as "glassy and bloodshot," said his speech was "slurred," and described "an odor of an alcoholic beverage coming from his breath as he spoke."  The defendant "continually had to step off to the side with one foot in order to maintain balance" as he stood and spoke to the officer at the scene.  The defendant admitted to having one alcoholic drink earlier.  Asked to recite the alphabet, he began before the officer fully described his request, then paused three times during his recitation.  Asked to count down from seventy, he began at seventy-five.  When the defendant stepped out of the police cruiser at the station, the cruiser smelled like an alcoholic beverage.  Taken together, viewed in the light most favorable to the Commonwealth, this evidence was sufficient to support the conviction.

<u>Judgment affirmed</u>.

By the Court (Singh,
  Hershfang & Wood, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 24, 2026.

---

[1] The panelists are listed in order of seniority.

6